UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PAT DONAHOE-BOHNE                                CIVIL ACTION

v.                                               NO. 16-2766

BRINKMANN INSTRUMENTS,                           SECTION F
d/b/a METROHM, USA, INC.

ORDER AND REASONS

Before the Court is the defendant's Rule 12(b)(6) motion to dismiss. Because the parties have submitted affidavits in support of their positions on the Louisiana Employment Discrimination Law and Family and Medical Leave Act claims, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Court treats defendant's motion as one for summary judgment as to those two claims. For the reasons that follow, the motion for summary judgment is GRANTED in part and DENIED in part, and the motion to dismiss is DENIED as moot.

**Background**

This employment discrimination case arises out of a long-term Metrohm employee's claims that Metrohm continuously harassed and discriminated against her on account of her gender, age, and personal and family health issues and ultimately terminated her

1

employment after she requested leave for her serious health condition and that of her husband.[1] Plaintiff's complaints are extensive:

    Pat Donahoe-Bohne is a 59-year-old female.[2] Ms. Donahoe-Bohne began working as a Sales Representative for Metrohm USA, Inc.'s predecessor in June 1996.[3] She consistently produced exemplary work, earning in 1998 and 2001 Sales Representative of the Year. Because of her ability to lead sales, she was promoted to Laboratory Product Specialist in 2003.

    In 2012, Ms. Donahoe-Bohne became a Technical Support Phone Representative.[4] For the first year, she reported to Technical Support Manager, Carlos Bazan, a 43-year-old male. In 2014, she began to report directly to Technical Director, Fred Fiddler, a 39-year-old male, and in the last quarter of 2014, she began to report to Michael Murphy, a 42-year-old male.

---

[1] The factual summary is taken from the complaint as well as the Equal Employment Discrimination charges of record.
[2] Donahoe-Bohne was 58 years of age when she submitted a charge of discrimination to the Equal Employment Opportunity Commission in May of 2015.
[3] Donahoe-Bohne alleges in her complaint that "[a]t all times pertinent hereto, Metrohm USA was an 'employer' within the meaning and intent of law and employed greater than fifty (50) employees. . ." She further alleges that she "was an 'employee' of Metrohm within the meaning and intent of law."
[4] Donahoe-Bohne was one of six Technical Support Specialists. Besides one co-worker, all other specialists were more than 20 years younger than her. Donahoe-Bohne was one of three female specialists.

Despite an unprecedented work performance record during 2013, it is alleged that Bazan and Fiddler gave Ms. Donahoe-Bohne a poor performance review in January 2014, falsely accusing her of talking badly about another employee in front of a customer. She also claims that Bazan falsely accused her of having "conflict with younger workers" and not asking for the assistance of the younger, less experienced workers.

Additionally, it is claimed that Ms. Donahoe-Bohne's supervisors treated her differently than her male and younger co-workers. She asserts that while her male and younger co-workers received three to six months of automation training, she received one week of training. Ms. Donahoe-Bohne's repeated requests to Bazan, Fiddler, and Murphy for more training were, she charges, either delayed, denied, or ignored. In 2012, Fiddler denied Ms. Donahoe-Bohne the opportunity to attend a training session in Switzerland on the ground that the budget did not allow for her attendance, but he invited the younger Technical Support Specialists to attend.

When Michael Murphy assumed the role of Ms. Donahoe-Bohne's immediate supervisor in 2014, the harassment and discrimination is said to have continued: Murphy screamed at her during a conference call, ignored her requests for assistance on internet connectivity issues, and failed to discuss employment goals with her. It is

also alleged that Murphy recognized the younger and male specialists' individual accomplishments but credited the entire Technical Support Team for Ms. Donahoe-Bohne's achievements.

Beginning in November 2014, Ms. Donahoe-Bohne and her husband began dealing with serious medical conditions. She suffered from a chronic respiratory disease, as well as the flu and laryngitis. Ms. Donahoe-Bohne tried to work to the best of her abilities, but Murphy ridiculed her and called her "squeaky" in front of customers. During January 2015, her husband had a slip and fall accident, which required him to have two surgeries that month. She alleges that she was willing to work intermittently during her husband's six to eight week recovery period but that Murphy instructed her to take paid time off. At no time during her husband's illness did Murphy, Fiddler, or Anne Permenter, Metrohm's Director of Human Resources, inform Ms. Donahoe-Bohne regarding her rights and responsibilities under the Family and Medical Leave Act or the level of accommodation required by law.

Ms. Donahoe-Bohne scheduled a telephone meeting with Murphy for February 13, 2015 to discuss the harassment and discrimination, lack of communication, and denial of training opportunities. Less than an hour before the meeting was to begin, Murphy rescheduled it for February 17, 2015.

It was during the telephone meeting on February 17, 2015 that Permenter informed her that her 19-year employment was being terminated because she lacked troubleshooting skills. Permenter also stated that Ms. Donahoe-Bohne had not been reliable over the past two-and-a-half-months, directly referencing her personal and family health issues. Murphy also complained that she had improperly filed emails in a system that was open to everyone in the Technical Support Group. Later that same day, Permenter emailed Ms. Donahoe-Bohne a separation agreement, indicating that the termination of both her employment and health and life insurance were effective immediately.

On April 26, 2015, Ms. Donahoe-Bohne submitted charges of discrimination to the Equal Employment Opportunity Commission regarding her discriminatory treatment and discharge. She charged:

> On February 17, 2015, I was discharged. . . [Ms.] Permenter and Mr. Murphy informed me that my employment was being discharged for alleged integrity issues, allegedly being unreliable, alleged poor performance reviews and issues. I believe I have [been] discriminated against because of my sex, female[,] in violation of Title VII of the Civil Rights Act of 1964, as amended; and my age, 58 years, in violation of the Age Discrimination in Employment Act of 1967, in that, I was treated differently than my male counterparts and younger peers.

Then, in February of 2016, plaintiff sued Brinkmann Instruments, doing business as Metrohm USA, Inc., in the Twenty-

5

Second Judicial District Court for the Parish of St. Tammany, Louisiana, alleging employment discrimination based on gender and age under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, as well as under the Louisiana Employment Discrimination Law. Plaintiff also alleged that Metrohm violated the Family and Medical Leave Act. Metrohm timely removed the lawsuit to this Court, invoking the Court's federal question jurisdiction.

On April 11, 2016, Metrohm requested dismissal of the initial complaint.[5] The defendant's motion to dismiss was originally noticed for submission before Magistrate Judge Wilkinson. However, this Court revoked the automatic referral of this case when it was notified that not all parties consented to proceed before the magistrate judge. On May 12, 2016, this Court issued an order, continuing the hearing on the motion to dismiss the plaintiff's LEDL and FMLA claims to June 15, 2016; notifying the plaintiff that the Court may convert the defendant's motion to dismiss the plaintiff's LEDL claims into a motion for summary judgment; and notifying the plaintiff that she must file any materials addressing that issue by May 27, 2016. In support of her opposition to the defendant's request to dismiss her FMLA

---

[5] Meanwhile, the plaintiff filed an amended complaint on May 2, 2016. Metrohm concedes that she cured her pleading defect with respect to her Title VII and ADEA claims.

6

claim, plaintiff submitted an affidavit on May 25, 2016. Metrohm now seeks dismissal of the plaintiff's Louisiana Employment Discrimination Law and Family and Medical Leave Act claims.

I.

*A.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v.

7

Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment. See United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003). However, if the Court considers matters outside of the pleadings, it must convert a motion to dismiss into a Rule 56 motion for

8

summary judgment. <u>Burns v. Harris Cnty. Bail Bond Bd.</u>, 139 F.3d 513, 517 (5th Cir. 1998).

Federal Rule of Civil Procedure 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12 (d).

*B.*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. <u>See</u> <u>id.</u> Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is

appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only when there is an actual controversy, that is, when both parties have submitted evidence of contrary facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and vitiation omitted).

II.

*A.*

Metrohm first seeks dismissal of the plaintiff's Louisiana Employment Discrimination Law claim on the ground that Metrohm is not a covered employer under the law. The Louisiana Employment Discrimination Law defines an "employer" as "a person, association, legal or commercial entity, the state, or any state

agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee." La.R.S. § 23:302(2). Moreover, the LEDL provides that "[t]he provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." Id. Plaintiff alleges that Metrohm employed more than 50 employees and, therefore, was an "employer" under the law. The defendant counters that the plaintiff failed to allege that Metrohm was an "employer" because she neglected to plead the location of these employees. To address this essential element of the plaintiff's claim, the defendant submits the affidavit of Anne Permenter, Metrohm's Director of Human Resources, who attested that "[d]uring the time period January 2013 to [April 2016], Metrohm had no more than four (4) employees in the state of Louisiana."

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). But, as observed, when the Court

considers matters outside of the pleadings, it must convert a motion to dismiss into a motion for summary judgment. Because of the Permenter affidavit, the Court finds it appropriate to convert the motion to one for summary judgment as to the plaintiff's LEDL claim.

The plaintiff urges that summary judgment is premature because "[d]iscovery has not begun, is not scheduled, and the record is not sufficiently developed by both parties" and that she should be granted a reasonable opportunity to conduct discovery. The plaintiff fails to persuade the Court that summary judgment is premature. The Court has continued the hearing on the motion to dismiss the plaintiff's LEDL claim to June 15, 2016, notified the plaintiff that the Court may convert the defendant's motion to dismiss this claim, and provided the plaintiff with an opportunity to file supplemental materials. Moreover, the plaintiff fails to allege why she needs discovery or how it will likely create a genuine issue of material fact. See Chenevert v. Springer, 431 F. App'x 284, 287 (5th Cir. 2011). Accordingly, the Court finds that discovery with respect to the plaintiff's LEDL claim would be futile.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to

judgment as a matter of law.  Summary judgment is appropriate when the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only when there is an actual controversy, that is, when both parties have submitted evidence of contrary facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and vitiation omitted).  Here, defendant submits sworn evidence, and plaintiff provides no countervailing evidence, that Metrohm employed no more than four employees in the state of Louisiana between January of 2013 and April of 2016.  Because the plaintiff cannot establish an essential element of her LEDL claim, the Court grants summary judgment dismissing plaintiff's LEDL claim with prejudice.

*B.*

Metrohm next seeks dismissal of the plaintiff's Family and Medical Leave Act claim for failure to state a claim on the ground that the plaintiff has failed to plead facts to establish that she is an eligible employee under the law.  The Family and Medical Leave Act provides that:

> The term "eligible employee" does not include
> . . . any employee of an employer who is
> employed at a worksite at which such employer

13

> employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

29 U.S.C. § 2611(2)(B)(ii).  Moreover, a Department of Labor regulation defining the term "worksite" provides that:

> For employees with no fixed worksite, e.g., construction workers, transportation workers (e.g., truck drivers, seamen, pilots), salespersons, etc., the worksite is the site to which they are assigned as their home base, from which their work is assigned, or to which they report . . . An employee's personal residence is not a worksite in the case of employees, such as salespersons, who travel a sales territory and who generally leave to work and return from work to their personal residence, or employees who work at home, as under the concept of flexiplace or telecommuting. Rather, their worksite is the office to which they report and from which assignments are made.

29 C.F.R. § 825.11(a)(2). Plaintiff alleges that "[a]t all times pertinent hereto, Metrohm USA was an 'employer' within the meaning and intent of law and employed greater than fifty (50) employees, including Petitioner.  At all times pertinent, hereto, Petitioner was an 'employee' of Metrohm within the meaning and intent of law." Because plaintiff fails to plead any facts pertaining to her worksite location, her statement is nothing more than a conclusory allegation that she was an eligible employee.

However, on May 25, 2016, plaintiff submitted an affidavit in support of her opposition to the defendant's request to dismiss her FMLA claim. The plaintiff attested that, as a Technical Support Specialist, she worked "offsite and from home" through telecommunication and reported to the Tampa, Florida corporate office, which "has more than 50 employees." Once again, because the plaintiff's affidavit is outside of the pleadings, the Court finds it appropriate, pursuant to Federal Rule of Civil Procedure 12(d), to convert the defendant's motion to one for summary judgment with respect to this claim.

Here, the plaintiff provides sufficient evidence to support her claim that she is an eligible employee under the FMLA. Because the plaintiff has shown that there is a genuine dispute concerning a material fact with respect to her eligible employment status, the Court finds summary judgment dismissing her FMLA claim inappropriate.

Accordingly, the defendant's motion for summary judgment is GRANTED in part and DENIED in part, and its motion to dismiss is DENIED as moot.[6] The plaintiff's Louisiana Employment Discrimination Law claim is hereby dismissed. The plaintiff's

---

[6] By its motion to dismiss, the defendant also sought dismissal of the plaintiff's Title VII and ADEA claims. The defendant has conceded that the plaintiff cured her pleading defects with respect to these claims and, therefore, no longer seeks to dismiss these two claims.

Family and Medical Leave Act, Title VII, and Age Discrimination in Employment Act claims remain.

                New Orleans, Louisiana, June 15, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE